DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LINDA PETRINIC,**
Appellant,

v.

**DENNIS PETRINIC, DENNIS PETRINIC TRUSTEE OF THE DENNIS J. PETRINIC REVOCABLE TRUST OF 2003, AS AMENDED AND RESTATED, A FLORIDA TRUST,** and **LINDA M. PETRINIC, TRUSTEE OF THE DENNIS J. PETRINIC REVOCABLE TRUST OF 2003, AS AMENDED AND RESTATED, A FLORIDA TRUST,**
Appellees.

No. 4D21-1319

[June 22, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Victoria L. Griffin, Judge; L.T. Case No. 562016DR002897.

Amy D. Shield and Roger Levine of Shield & Levine, P.A., Boca Raton, for appellant.

Jordan B. Abramowitz of Abramowitz and Associates, Coral Gables, for appellee Dennis Petrinic.

PER CURIAM.

Linda Petrinic ("wife") appeals a final judgment of dissolution of marriage, challenging the following: (1) the amount of alimony Dennis Petrinic ("husband") is required to pay her, (2) the failure to find that appreciation in the husband's nonmarital trust was marital, (3) the omission and valuation of certain assets in the equitable distribution schedule, and (4) the amount of attorney's fees and accountant fees awarded to her. We find the issues to be without merit and affirm without further comment. We write only to address a scrivener's error in issue 3.

The parties commenced dissolution proceedings in 2016. The final judgment awarded alimony and equitably divided the marital assets. The wife moved for rehearing, arguing that the trial court erred in awarding her two IRAs that she had to liquidate during the proceedings to pay for

living expenses. On rehearing, the trial court agreed that the IRAs should not have been allocated to the wife and entered an amended final judgment, finding that the husband owed the wife an additional balancing payment of $22,466. However, the amended equitable distribution schedule attached to the amended final judgment did not reflect this finding. Instead, it still listed the two IRAs in the wife's column and contained the same equalizing payment amount as the original equitable distribution schedule.

Accordingly, we remand for correction of the scrivener's error in the amended equitable distribution schedule. *See Standish v. Standish*, 40 So. 3d 919 (Fla. 5th DCA 2010) (affirming final judgment but remanding to correct scrivener's error in equitable distribution table). The amended equitable distribution schedule should not allocate the IRAs to the wife and should reflect the additional $22,466 the husband is required to pay to the wife.

*Affirmed and remanded with instructions.*

DAMOORGIAN, GERBER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***